UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL A. MOLINA,
   (BOP #53678-018)

   Petitioner,

v.                                     CASE NO: 8:12-cv-1010-T-30AEP
                                         Criminal Case No: 8:10-CR-407-T-30AEP

UNITED STATES OF AMERICA,

   Respondent.
_____/

## ORDER AND NOTICE OF EVIDENTIARY HEARING

Petitioner Miguel A. Molina, an inmate in the Federal penal system proceeding pro se, (hereinafter referred to as "Petitioner"), brings this petition for writ of habeas corpus pursuant to 28 U.S.C. 2255. (CV Dkt 1). This court has considered the petition (CV Dkt. 1), the Respondent's response (CV Dkt. 9), and the Petitioner's reply. (CV Dkt. 13). Upon review, the Court determines that grounds three through nine should be denied, and an evidentiary hearing scheduled as to grounds one and two.

## BACKGROUND

A federal grand jury entered an indictment charging Petitioner with being a felon in possession of a firearm, in violation of §18 U.S.C. 922(g)(1) and 18 U.S.C. 924(e)(1) (count one); and distributing heroin, in violation of 18 U.S.C. 841(a)(1) and 841 (b)(1)(c) (count two). (CR Dkt. 1). On February 7, 2011, Petitioner was found guilty on both

counts. (CR Dkt. 36), (CR Dkt. 39). On May, 2011, this Court sentenced Molina to 210 months' imprisonment followed by 60 months of supervised release. (CR Dkt. 40).

On May 7, 2012, Petitioner filed the instant petition claiming counsel was ineffective for:

1. failing to file Petitioner's Notice of Appeal;

2. infringing upon Petitioners right to make an informed and intelligent decision to enter a plea and obtain a lesser sentence;

3. failing to contest the court's decision to enhance Petitioner's sentence under the Armed Career Criminal Act;

4. creating a conflict of interest during closing arguments;

5. failing to move to suppress tainted evidence;

6. failing to object to the prosecuting attorney and government agent's transcription of audio conversations;

7. failing to object and file a motion to strike or dismiss indictment for failure to state an offense; and

8. failing to object to sentencing court amending the indictment.

## **STANDARD OF REVIEW**

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

In order to prevail on an ineffective counsel claim, *Strickland* requires proof of both deficient performance and consequent prejudice. *Id. at* 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

## TIMELINESS

Molina's petition, filed on May 7, 2012, is timely. Molina was sentenced on May 12, 2011. Molina's conviction became final on May 26, 2011, when the time to file a direct appeal passed. (See *Akins v. U.S*. 204 F. 3d 1086, 1089 n.1 (11th Cir. 2000)(Conviction becomes final 14 days after sentencing, when the time to file a notice of direct appeal has passed)). Therefore, Molina had until May 26, 2012, to file his § 2255 motion.

**GROUND ONE: COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE PETITIONER'S NOTICE OF APPEAL.**

Petitioner contends his trial counsel, Mr. G.C. Irvin Jr., rendered ineffective assistance and severely prejudiced him by failing to file a notice of appeal. Petitioner asserts that upon Mr. Irvin handing Petitioner the Notice to Appeal form, Petitioner filled it out and was told by Mr. Irvin he would file it for him. (CV Dkt. 2, pp. 2, 3). The Notice of Appeal form was never filed.

Mr. Irvin asserts Petitioner never expressed to Mr. Irvin his desire to appeal. (CV Dkt. 9, Attach. 5 ¶ 6). Mr. Irvin also asserts that he has no knowledge of Petitioner ever filling out the Notice of Appeal form, and therefore he did not tell Petitioner he would file the form. (CV Dkt. 9, Attach. 5 ¶ 7).

Petitioner has requested an evidentiary hearing on this ground. (CV Dkt. 2, p. 3). An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet the prongs set out in *Strickland v. Washington*,

466 U.S. 668 (1984). *See United States v. Laetividal-Gonzalez*, 939 F. 2d 1455, 1465 (11th Cir. 1991).

Petitioner's contention that his counsel Mr. Irvin failed to file a notice of appeal after Petitioner requested it be filed, constitutes an allegation of deficient performance that must be refuted by an evidentiary hearing.

**<u>GROUND TWO</u>: COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY INFRINGING UPON PETITIONER'S RIGHT TO MAKE AN INFORMED AND INTELLIGENT DECISION TO ENTER A PLEA AND OBTAIN A LESSER SENTENCE.**

Petitioner contends that Mr. Irvin rendered constitutionally ineffective assistance of counsel when advising Petitioner to proceed to trial against Petitioner's better judgment. (CV Dkt. 2, p. 6). Petitioner asserts Mr. Irvin wanted to go to trial because he had "already beaten this agent one time." (CV Dkt. 2 p. 7).

Petitioner also asserts Mr. Irvin told him there was no need to worry about going to trial or worry about possible incriminating evidence due to opposing counsel being Mr. Irvin's friends. Petitioner alleges Mr. Irvin told him "I told you, these are my friends," in response to Petitioner expressing concern over the State having the audiotape of a possibly incriminating phone call. (CV Dkt. 13, p. 8). Petitioner is essentially alleging that Mr. Irvin's tactical decision to go to trial was based on non-meritorious reasons.

A court deciding an ineffectiveness claim based on the tactical decisions of counsel must judge the reasonableness of counsel's alleged conduct on the facts of the particular case. *Strickland*, 466 at U.S. at 690. The inquiry is not whether counsel's specific acts were wrong, but whether some reasonable lawyer might have acted similarly. *Chandler v. U.S.,* 218 F. 3d 1305, 1314 (11th Cir. 2000). This Court must

presume that counsel's strategy was reasonable unless the petitioner demonstrates counsel's strategy was unreasonable. *Id.* at 1318. An evidentiary hearing on a claim of ineffective assistance of counsel is required only if the factual allegations, if true, would meet the prongs set out in *Strickland v. Washington*, 466 U.S. 668 (1984). See *United States v. Laetividal-Gonzalez,* 939 F. 2d 1455, 1465 (11th Cir. 1991).

Here, Petitioner is alleging Mr. Irvin wanted to go to trial for solely non-meritorious reasons, which would be sufficient to satisfy the deficient performance prong of Strickland. If the factual allegations raised by Petitioner are true, then he was sufficiently prejudiced by Mr. Irvin's alleged conduct. Petitioner contends that but for Mr. Irvin's alleged ill-formed advice, Petitioner would have accepted the plea deal of 188 months, which was better than the 210-month sentence he received. (CV Dkt. 2, p. 8).

Therefore, because the factual allegations asserted by Petitioner in this ground, if true, would meet the prongs set out in Strickland, an evidentiary hearing is necessary.

**<u>GROUND THREE:</u> COUNSEL RENDERED CONSTITUTIONAL INEFFECTIVE ASSISTANCE BY FAILING TO CONTEST THE COURTS DECISION TO ENCHANCE PETITIONER'S SENTENCE UNDER THE ARMED CAREER CRIMINAL ACT.**

Petitioner contends Mr. Irvin rendered ineffective assistance by failing to argue during sentencing that one of Petitioner's alleged predicate prior convictions did not constitute one of the enumerated qualifying controlled substance offenses as defined in the statute. (CV Dkt. 2, p. 9).

Petitioner contends he does not meet the requirements of the Armed Career Criminal Act, 18 U.S.C. § 924(e). (CV Dkt. 2, p. 10). The ACCA requires at least 15 years of imprisonment if the defendant violates 18 U.S.C.§ 922(g) and has at least three

6

previous convictions for a violent felony or a serious drug offense. Section 922(g) makes it unlawful for certain prohibited persons, including convicted felons, to possess a firearm or ammunition that is in or affecting commerce, to ship or transport a firearm or ammunition in interstate or foreign commerce, or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Petitioner was found guilty of 18 U.S.C § 922 (g) in the instant case, so therefore we examine whether Petitioner has committed three serious drug offenses as required by the ACCA.

18 U.S.C. § 924(e)(2)(A) defines a serious drug offense as "(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of
title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled
Substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), for which a maximum term of ten years or more is prescribed by law."

The offenses committed by Petitioner meet this requirement. As shown by the indictment, Petitioner had been previously convicted of Possession of a Controlled Substance with Intent to Sell, Fla. Stat. § 893.13(1)(a); Trafficking in Cocaine, Fla. Stat. § 893.135(1)(b); and Possession of a Controlled Substance with Intent to Sell, Fla. Stat. § 893.13(1)(a). (CR. Dkt. 1). Each of these offenses carries a maximum imprisonment term of ten years or more.

7

There was no error by the Court in sentencing. Therefore, there was no deficient performance by Mr. Irvin in failing to object. This ground fails.

**GROUND FOUR: COUNSEL CREATED A CONFLICT OF INTEREST DURING CLOSING ARGUMENTS RENDERING COUNSEL CONSTITUTIONALLY INEFFECTIVE.**

The standard for a conflict of interest to violate the Sixth Amendment rights of a defendant requires Petitioner to "establish that an actual conflict of interest adversely affected his lawyer's performance." *Culyer v. Sullivan,* 446 U.S. 335, 350, (1980). The Eleventh Circuit has stated "a conflict-of-interest claimant cannot prevail unless he can point to specific instances in the record to suggest an actual conflict or impairment of [his] interests." *Owen v. Sec'y for Dep't of Corr.,* 568 F.3d 894, 913 (11th Cir.2009) (quoting *Smith v. White*, 815 F.2d 1401, 1404 (11th Cir.1987)).

Petitioner contends Mr. Irvin created a conflict of interest by representing during closing arguments that opposing counsel were "his friends." (CV Dkt. 2. p. 17). Petitioner asserts that by Mr. Irvin making such a statement, it appeared as though he could not effectively represent his client due to a friendship with opposing counsel. *Id.*

In the State's response, the State contends Mr. Irvin stating he was friends with opposing counsel was taken out of context. Petitioner's allegation comes from Mr. Irvin's following statement at closing argument:

> Now he is – he is right [AUSA Muench] is my friend. I consider him a good friend and I know the agents here as well. I've explained that to the family. We're not enemies, but we both want the same thing. All of us want the same thing. We want justice. We want fairness. And one of the things you're going to find about this case is that we have a law called "entrapment," and that law prevents overreaching by our federal government. It doesn't matter who the person is asserting that defense. It is to stop our government from turning us into places like Egypt. It's designed

8

>to protect not only these people; it's designed to protect people like Miguel Anthony Molina.

CR Dkt. 56, pp. 31-32

The aforementioned trial transcript excerpt indicates there was no conflict of interest. Mr. Irvin was arguing to the jury that despite his friendship with opposing counsel, what is most important to both sides is justice. Mr. Irvin was trying to soften the claim of entrapment – it's not that law enforcement is bad, but that justice requires certain protections, including protection from entrapment. This is not a conflict of interest. It is a style of argument that can be effective.

This ground fails because counsel's performance was not deficient.

## GROUND FIVE: COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO MOVE TO SUPPRESS TAINTED EVIDENCE.

Petitioner contends Mr. Irvin rendered ineffective assistance of counsel by failing to move to suppress evidence on the grounds that it was the confidential informant (CI) who possessed the gun and asked the Petitioner to sell it for him. Petitioner contends that the confidential informant was not followed, and was allowed to pick up an individual who previously sold agents drugs and a gun. (CV Dkt. 2, p. 19).

This ground fails. Here, Petitioner essentially disputes the finding of fact made by the jury that it was Petitioner who brought the gun to the transaction, not the confidential informant (CI). This Court must accept the finding of fact made by the jury. Had counsel moved to suppress the gun, the motion would have failed for lack of merit. Counsel's failure to raise a non-meritorious claim is not deficient performance. *See Chandler v.*

9

*Moore*, 240 F.3d 907, 917-18 (11th Cir.2001) (rejecting argument for ineffective assistance of counsel where counsel failed to raise a non-meritorious claim).

**GROUND SIX: COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO THE PROSECUTING ATTORNEY AND GOVERNMENT AGENT'S TRANSCRIPTION OF AUDIO CONVERSATIONS.**

Petitioner contends Mr. Irvin failed to object to the government's transcription of the audiotapes used as evidence at trial. Petitioner contends the transcripts contain many discrepancies and are unreliable. Petitioner also contends Mr. Irvin provided ineffective assistance by failing to object to the lack of authentication of the audio recordings. (CV Dkt. 2, pp. 21-22).

At trial, the government admitted two transcripts of audiotapes for the limited purpose of assisting the jury in understanding them. Government's Exhibit 11A (recording of firearm transaction) was admitted through Agent Montalvo. (CR Dkt. 41). Agent Montalvo testified that he personally translated from Spanish to English the firearm transaction, a meeting at which he was present. (CR Dkt. 46).

Government Exhibit 12A was admitted through Special Agent Ignacio Esteban. This exhibit contained transcripts of three portions of a 20-minute jail conversation and was in English. (CR Dkt. 68, p. 135). The Court made the following instruction to the jury as to the role of a transcript:

> A transcript is the government's version of what is said. It's intended to be accurate, but what is the real evidence is the audio of the conversation. So if you disagree with government's transcript, you're to rely on the audio itself. The transcript is merely entered into evidence for your aid and assistance.

CR. Dkt. 68 at 46-47.

The alleged discrepancies asserted by Petitioner (CV Dkt. 13, pp. 14-19) are simply select excerpts in the transcripts that Petitioner finds supports his version of what happened. This does not make the transcripts unreliable nor does it amount to deficient performance by his counsel for failing to object.

Petitioner's claim that the transcripts were admitted without proper authentication is factually incorrect. The transcript of the firearm transaction (Gov't Exh. 11A), was admitted through Agent Montalvo who testified that he prepared the transcript himself, was fluent in Spanish and English, and was present at the meeting with Molina. The other transcript, three separate portions of one jail call (Gov't Exh. 12A), was admitted through Agent Esteban. Agent Esteban testified he was familiar with Petitioner's voice after listening to the recording of the undercover meeting and his own discussion with Petitioner. Therefore, he was able to recognize Petitioner's voice in the recording of the jail call. CR. 68, pp. 135-136.

Therefore this ground fails on the merits.

**GROUND SEVEN: COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE FOR FAILURE TO OBJECT AND FILE A MOTION TO STRIKE OR DISMISS INDICTMENT FOR FAILURE TO STATE AN OFFENSE.**

Petitioner contends that Mr. Irvin Jr. was ineffective for failing to object to there being two different indictments with two different dates of issuance (September 8, 2010 and September 21, 2010). Petitioner contends that Petitioner's Exhibit F and Petitioner's Exhibit G indicates there are two different indictments. (CV Dkt. 2, p. 24).

Petitioner is mistaken. Petitioner's Exhibit F is the last page (page 4) of the indictment. Petitioner's Exhibit G is the first three pages of the same indictment.

Petitioner also contends Mr. Irvin was ineffective for failing to object to the sufficiency of the indictment. Petitioner claims the indictment was insufficient because the previous offenses listed (Trafficking in Cocaine in violation of Fla. Stat. § 893.135; Driving while License Cancelled, Suspended, or Revoked, in violation of Fla. Stat. § 322.34; Possession of a Controlled Substance with Intent to Sell, in violation of Fla. Stat. § 893.13; and Grand Theft in the Third Degree, in violation of Fla. Stat. § 812.014) all failed to include their respective subsections and therefore failed to state an offense.

This ground lacks merit. The indictment sufficiently put Petitioner on notice of the crimes of which he was convicted. See *United States v. Germany,* 296 Fed.Appx. 852, 863-64 (11th Cir.2008) (rejecting Germany's argument that the indictment was defective because the reference to the criminal code's section failed to indicate which subsection applied). See also *United States v. Poirier*, 321 F.3d 1024, 1029 (11th Cir.2003) ("When analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations."). Therefore this ground fails.

**GROUND EIGHT: COURT MUST VACATE PETITIONER'S JUDGEMENT AND GRANT HIM A NEW TRIAL BASED ON THE FACT THAT THE FINAL VERDICT THE JURY SUBMITTED BEFORE THIS COURT WAS AMENDED DURING PETITIONER"S SENTENCING PROCEEDINGS. PETITIONERS COUNSEL FAILED TO OBJECT TO THIS, RENDERING INEFFECTIVE ASSISTANCE OF COUNSEL.**

Petitioner contends this Court committed a prejudicial error by amending the jury verdict when it sentenced Petitioner for crimes he didn't commit. Petitioner claims Mr.

Irvin rendered ineffective assistance of counsel by failing to object to this error. Petitioner asserts a jury only found him guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 (g)(1) and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 (a)(1). Petitioner argues the jury did not convict him of violating 18 U.S.C. § 924(e)(1) and 21 U.S.C. § 841(b)(1)(c), but the court sentenced him pursuant to these statutes, thereby altering the jury verdict. (CV Dkt. 2, p. 29).

Petitioner's clam is without merit. The statutes found at 18 U.S.C. § 924(e)(1) and 21 U.S.C. § 841(b)(1)(c) are merely the respective penalty statutes for the offenses of which Petitioner was convicted, 18 U.S.C. § 922 (g)(1) and 21 U.S.C. § 841 (a)(1). Therefore, Mr. Irvin had no valid ground to object. Thus, this ground fails.

**GROUND NINE: BASED UPON THE CUMULATIVE EFFECT OF PETITIONERS ATTORNEYS INEFFECTIVE ASSISTANCE OF COUNSEL, THE PETITIONER WOULD HAVE OBTAINED AN ACQUITAL, REVERSAL, OR A REMAND FOR A NEW TRIAL.**

Petitioner alleges no new grounds for ineffective assistance of counsel here. Therefore, there is no need to address this ground.

**CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Grounds Three through Nine (CV Dkt. 1) are DENIED.

2. An Evidentiary Hearing will be held on Grounds One and Two at the U. S Sam Gibbons Courthouse, Courtroom #13A, 801 North Florida Avenue, Tampa, Florida 33602, on **WEDNESDAY, FEBRUARY 20, 2013, AT 9:30 A.M.** Time reserved: Two (2) hours. The Government is directed to make arrangements for Petitioner's presence at the hearing and to have him

13

held in the Tampa Bay area for at least one (1) week prior to the hearing so that he may meet with new counsel.

3. TIM BOWER RODRIGUEZ, Esquire, is appointed as new counsel for Petitioner under the Criminal Justice Act and shall represent Petitioner at said hearing.

DONE AND ORDERED this 28th day of December, 2012, at Tampa, Florida.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
U. S. Marshal's Office

Tim Bower Rodriguez, Esquire
511 W. Bay St., Suite #330
Tampa, Florida 33606-2700
Phone: 813-384-7555
t@bowerrodriguez.com

F:\Docs\2012\12-cv-1010 evidentiary hearing.docx